# WILLIAM McCAFFERTY, RESPONDENT, v. NICHOLAS H. DECKER, APPELLANT.

*Promise made for benefit of third party — consideration for — enforcement of*

The defendant contracted with a railroad company to build its road, and agreed that in all cases of non-payment of laborers by the contractor the company might pay and deduct the same from the amount due the contractor. Defendant subsequently sublet a portion of the work to F. & H., who assigned the subcontract to one McKee, who absconded without paying the amount due to his laborers. The plaintiff had sold goods to the laborers on credit. After McKee absconded the defendant paid the laborers the amount due for wages, less what was due to the plaintiff, they agreeing to this deduction provided he would pay it to the plaintiff.

In this action brought by the plaintiff to recover the amount so deducted, *held,* that, conceding that there was a promise by the defendant to pay the money to the plaintiff that the same could not be enforced as there was no consideration therefor, the defendant not having owed the workmen and no liability on his part having arisen under his contract with the railroad company as no lien had been put on the road and the company had paid nothing.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and for an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought by plaintiff to recover for goods sold to one McKee and others.

The defendant entered into a contract to build a portion of Spuyten Duyvil and Port Morris Railroad, the contract providing, among other things: It is further agreed that the railroad company shall, in

all cases of non-payment by the contractor, of all and any sums of money unpaid to laborers for labor at any time actually performed in constructing said railroad, be authorized to pay the same to such laborer or laborers, as the same shall be due; and if any suits are commenced under any statute now or hereafter to be passed against said company for laborers' wages on said railroad, the said company may pay all damages, recoveries, costs, expenses and counsel fees, and charge the same to said contractor; and the company may, from time to time, retain what shall be necessary for their protection, and the contractor shall make up and pay to said railroad company any deficiency.

The defendant contracted with John R. Fisher and A. S. Hart to build a portion of said road embraced in his contract with the railroad company. The latter contract was assigned to Alexander McKee, of Allentown, Penn.

The goods, to recover the purchase-price whereof this action is brought, were sold by plaintiff in October, 1870, first, to McKee; second, to laborers of McKee; and, third, to persons who boarded laborers of said McKee.

McKee, after he had been paid what was due him upon said contract, and shortly before the time of payment of laborers for the month of October, absconded; and about the seventeenth of November the defendant, through his nephew, Franklin Decker, paid, with the money of defendant, the balance extended upon McKee's pay roll as due to laborers, deducting from the wages due to each laborer the amount due to the plaintiff. The laborers consented to the reduction, provided the defendant would pay it to the plaintiff. The defendant having failed to pay the plaintiff, this action was brought to recover the same.

*Odle Close*, for the appellant.

*C. C. & S. F. Prentiss*, for the respondent.

DYKMAN, J.:

The defendant was the contractor to build the Spuyten Duyvil railroad. He underlet a part of the work to Fisher and Hart, and their contract was assigned by them to McKee, who absconded with-

out paying his laborers, his storekeepers or his boarding-masters. Thereupon the defendant undertook to pay the laborers, and sent his clerk and his nephews to do so. The mode of procedure was stated by the plaintiff in his statement as follows: "As each laborer's name was called the clerk said you have worked so many days? Yes, sir. There is so much due to McCafferty out of these wages, are you willing it should be deducted? Yes, provided you will pay it over to Mr. McCafferty; and it went on in that way during the first day with all the laborers. Q. Now on the second day? A. On the second day. Q. The eighteenth? A. On the eighteenth the boarding-house keepers were settled with. Q. The balance of the laborers and the boarding-house keepers? A. The balance of the laborers and boarding-house keepers; I had some claims against the boarding-house keepers, and I then presented these claims, and when the accounts were made up the clerk said to the boarding-house keepers, there is so much due Mr. McCafferty from your account, are you willing I should pay it over to him? Yes, provided you pay it over to him. Q. On the previous day, had these accounts due the boarding-house keepers been deducted from the amounts due the laborers? A. Yes, sir."

The manner is thus stated by one of the defendant's witnesses who assisted in making the payment, and the statement is uncontradicted:

"Q. You took from these laborers receipts in full for their wages for the month of October? A. No, sir; we just took receipts for what was paid them; the balance was extended; say, for instance, a man worked twenty-six days at a dollar a day and that was twenty-six dollars, his board bill was ten dollars and his cash five dollars, it would leave a balance of eleven dollars due the laborer; he was paid eleven dollars and he receipted for eleven. Q. In full? A. No, sir; he would just sign his name received eleven dollars; that is all the receipt there was to it."

Now this action is brought by the plaintiff for the recovery of the money due him from the laborers and the boarding-house keepers, upon the claim that the defendant has retained the same from the wages of the workmen and promised to pay it to him, and a recovery has been had in favor of the plaintiff upon that theory. The judge charged the jury that the defendant was not liable unless he retained the money due with the consent of the

workmen to whom the balance was paid, and promised to pay it to the plaintiff.

Money is always retained when it is not paid out, and in that sense the defendant retained the money which the plaintiff now claims to recover, and in no other sense. It did not belong to the laborers and the defendant did not owe it to them and was under no legal obligation to pay it to them. They left nothing in his hands for they had nothing there to leave. The defendant kept no money that belonged to any person but himself. What he paid his workmen was his own and what he did not pay them was his own. He paid them what he did and promised to pay the balance of the amount due them to the plaintiff.

Was there any consideration for that promise? The defendant received no benefit. No consideration moved to him, and no harm went to the plaintiff, for he relinquished neither his claims nor any security for their payment. The promise of the defendant was not given or taken as a substitute for the original demands of the plaintiff, and there was no request for any forbearance to sue. There was, therefore, no consideration to sustain the promise and it was void. The agreement does not reach the statute of frauds, but is made void by general principles of law.

It has been said that the defendant used the plaintiff's claim to pay his own debt, or a debt he assumed to pay, and has thus incurred a liability to pay the plaintiff. If this proposition were true, the conclusion would not follow, but it is not true. In no sense has the defendant used the plaintiff's claim. All he did was to pay the workmen a certain sum of money, take a receipt for it, and promise to pay the balance that was due them to the plaintiff. He did not pay the workmen in full, and did not take from them receipts in full. He only took receipts for what he paid and left a balance unextinguished and the plaintiff's claim undisturbed. He neither used it nor interfered with it in any way, except to promise to pay it.

But suppose he did use it and prejudiced the plaintiff in respect to it in any way. The only effect is to make a consideration for the defendant's promise, and so carry the case to the statute of frauds, to be determined by it, and then we have the case of a promise upon sufficient consideration, not in writing, to answer for the debt

of a third person. Such a promise is within the statute of frauds In *Mallory* v. *Gillett* (21 N. Y., 412), the plaintiff had a lien upon a canal boat for repairs put upon it, and in consideration of the relinquishment of the lien and forbearance to sue the claim, the defendant made a promise, not in writing, to pay the claim, and the Court of Appeals held that the promise was void under the statute, because no new consideration moved to the defendant and the promise was not in writing. That is decisive of this case on this point.

There is a class of cases of which *Lawrence* v. *Fox* (20 N. Y., 268) is a good illustration, which holds that where one person, for a valuable consideration, makes a promise to another for the benefit of a third, that third person may maintain an action on the promise; but the Court of Appeals has recently decided in the case of *Vrooman* v. *Turner*, not yet reported, that "to give a third party who may derive a benefit from the performance of the promise a right of action there must be, 1st. An intent by the promisee to secure some benefit to the third party; and, 2d. Some privity between the two, the promisor and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him an equitable claim to the benefit of the promise or an equivalent from him personally. There must be a sufficient consideration passing between the promisor and his immediate promisee, and then the third person must adopt the promise and then bring himself into privity with the promisor, but not otherwise. If there is no consideration, the promise is void as in all other cases."

Now, in this case there was no consideration passed to the defendant for his promise. If he had owed the workmen, and they had left the money which he owed them, or any part of it, in his hands on a promise to pay it to the plaintiff in discharge of their liability to him, then the plaintiff could have adopted that promise and maintained his action against the defendant upon the principles of *Lawrence* v. *Fox* and kindred cases. But he did not owe the workmen, and the principles of those cases cannot be invoked in the plaintiff's aid.

The liability of the defendant to pay the laborers under his contract with the railroad company has no effect on the case. The laborers had power to put a lien on the railway, which would compel the

company to pay them, and then the company could oblige the defendant to reimburse it under his agreement. But no such lien was put on the road, and therefore no such liability attached, and no liability of the defendant can be worked out in that way.

Judgment reversed. New trial granted, costs to abide the event.

GILBERT, J., concurred in the result; BARNARD, P. J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.